## WILLISON et al. v. RINGWOOD.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1911.)

No. 1,961.

1. EVIDENCE (§ 274*)—DECLARATIONS AS TO BOUNDARIES.

Testimony as to declarations of a third person that he made location of a mining claim for another and set the boundary stakes, which he pointed out to the witness, made long after the claimed location, was inadmissible in evidence, where such person was living and within the jurisdiction of the court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1121–1134; Dec. Dig. § 274;* Boundaries, Cent. Dig. § 156.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MINES AND MINERALS (§ 38\*)—CLAIMS—BURDEN OF PROOF.

Where, in an action in ejectment to recover possession of a mining claim, plaintiff pleaded and proved a location made by him, and defendants relied upon a subsequent location, and pleaded as an affirmative defense that a third person had made a location prior to plaintiff's, which had not been abandoned, and was in force when plaintiff made his location, but subsequently became forfeited, the burden rested on defendants to prove such allegations.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 38.\*]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska.

Action at law by Swan Ringwood against Fred Willison, R. W. Dodds, Charles Hull, and Fred Labelle. Judgment for plaintiff, and defendants bring error. Affirmed.

T. C. West, Fernand De Journel, Wickersham, Heilig & Roden, and West & De Journel, for plaintiffs in error.

John L. McGinn, Metson, Drew & Mackenzie, and E. H. Ryan, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HANFORD, District Judge.

GILBERT, Circuit Judge. The defendant in error brought ejectment against the plaintiffs in error to recover possession of a placer mining claim described as No. 8 "A" above Discovery on Yankee Creek, in the territory of Alaska, alleging his right to the same by reason of a location which he made on April 26, 1908. The plaintiffs in error Willison and Dodds answered the complaint, denying the plaintiff's location, and setting up as an affirmative defense that his location was of no force or effect, for the reason that one Arthur Berry had, on March 15, 1907, made a valid location of the same ground as a placer mining claim, and that he thereby acquired the exclusive right to the possession of the same during the year 1908, and further alleged that Berry never abandoned the claim, but that on January 1, 1909, the claim became open to entry by reason of his failure to perform the annual labor thereon, and that on the following day Willison made a valid location thereof, and that since that date he and Dodds have been the owners in possession and entitled to the possession of the claim. The defendant in error replied, denying that Berry located the claim, or that he made a discovery, or marked the boundaries, so that they could be readily traced. The case was tried before a jury, and a verdict was returned in favor of the defendant in error.

[1] Error is assigned to the rulings of the trial court in excluding certain proffered testimony of a witness for the plaintiffs in error, the purport of which was said to be that on March 29, 1910, J. L. Berry, who as agent for Arthur Berry made the Berry location, went with the witness to each of the corner stakes of the claim and pointed out to him each of the stakes which had already been testified to by the witness as the stakes of the four corners thereof, and identified the same as the stakes marked by him as the corner stakes of the Berry loca-

tion as originally made, and that Berry at that time stated to the witness that the writing upon each of those four stakes was written by himself at the time when he set the corners. J. L. Berry at the time of the trial was still living and was within the jurisdiction of the court; but he was not called as a witness, nor was his deposition taken. In view of those facts there was no error in excluding the testimony as to his declarations. In most of the states the rule of the English courts against the admission of hearsay evidence as to boundaries of lands of private persons has been relaxed, but only so far as to admit evidence of the declarations of deceased persons, who, at the time of making the declarations, had no interest in the subject-matter in controversy. Boardman v. Lessees of Reed, 6 Pet. 328, 8 L. Ed. 415; Clement v. Packer, 125 U. S. 309, 8 Sup. Ct. 907, 31 L. Ed. 721; Robinson v. Dewhurst, 68 Fed. 336, 15 C. C. A. 466; Scaife v. Western North Carolina Land Co., 90 Fed. 238, 33 C. C. A. 47; Tracy v. Eggleston, 108 Fed. 324, 47 C. C. A. 357. The plaintiffs in error contend that the declarations of Berry were admissible as res gestæ, but the proposition is untenable. The declarations were made long after Berry's interest in the claim ceased, and after the present action had been begun.

[2] The principal contention of the plaintiffs in error is that the court erred in giving and refusing instructions concerning the burden of proof. The court instructed the jury that, before they could find for the defendants on their affirmative defense in the case, they must find that the defendants had established the location and nonabandonment of Berry at the date of the plaintiff's location "by the weight or preponderance of the evidence." The court had already instructed the jury that if they found that the plaintiff located the premises in April, 1908, and that the same claim had been located in 1907 by Berry, and had not been abandoned by Berry prior to the plaintiff's location, then the fact that Berry thereafter failed to perform the annual labor required by law for the year 1908 did not validate the location of the plaintiff in April, 1908, and that if they found from the evidence that Berry in the year 1907 made a valid placer mining location of the premises, that the location had the effect to segregate the land as marked upon the ground from the unappropriated public land of the United States, and gave to Berry the exclusive right to the possession thereof from that time to the end of the year 1908, and that during that time no other valid location of the premises could be made by any other person, unless Berry abandoned the same before such location was made. The plaintiffs in error contend that it was error to place the burden of proving nonabandonment of the Berry location on them, and they invoke the rule that, where either abandonment or forfeiture is relied upon, the burden rests upon the party asserting it.

In discussing this assignment of error, it is important to bear in mind the issues in the case. The plaintiff relied upon his location made in the year 1908. The defendants relied upon their location made in the year 1909. If the allegations of the pleadings had gone no further than to assert these two locations, it is clear that all that the plaintiff would have been required to prove was that he had made a location.

But the defendants, in order to show the validity of their location, notwithstanding that it was subsequent in date to that of the plaintiff, proceeded to allege a location made prior to both; not a location under which they claimed any right, but a location which they asserted would serve to establish the fact that when the plaintiff made his location the land was not open to entry. So they alleged the location of Berry, and they alleged that he had not abandoned his claim. Relying, as they did, upon a location made at a date subsequent to that of the plaintiff, the burden was upon them to show the facts which they set up as sufficient to defeat his location. It is true that, where either abandonment or forfeiture is relied upon, the burden of proof rests with the party asserting it; but the defendant in error did not rely upon abandonment or forfeiture of any prior location. He made his location, according to his pleadings and his testimony, relying upon the fact that the land was unoccupied public land, open to location, and he produced testimony tending to show that there were no posts or marks on the ground to indicate that a prior location had been made. It was the defendants who relied on the prior location of Berry. They alleged it, and they alleged that it had not been abandoned when the defendant in error made his location; and it was for them to prove their allegations. Farrell v. Lockhart, 210 U. S. 142, 28 Sup. Ct. 681, 52 L. Ed. 994, 16 L. R. A. (N. S.) 162.

Conceding that, upon proof that Berry made a valid prior location, a prima facie presumption would arise that the claim still subsisted and had not been abandoned, the difficulty in the way of the plaintiffs in error's contention is that their exception was taken to a charge, a portion of which was clearly not subject to objection, namely, that the burden of proof was upon the defendants in the action to establish their allegation that a prior location was made by Berry. It is obvious that the ground of the exception which the defendants in the action took to the instruction was that in their view the burden of proof was upon the plaintiff in the action to establish affirmatively that the ground upon which he located was public land subject to location, and that there was no existing prior location. This is made evident by the instructions which they requested on that branch of the case. They asked no instruction, and took no exception, on the theory that, after the introduction of evidence by the defendants sufficient to establish a location prior to that of the plaintiff, the burden of proof would shift to the plaintiff to show that such location had been abandoned. It is obvious from the evidence in the record that the question of abandonment was not considered by the jury in arriving at their verdict, but that their conclusion was reached solely from a consideration of the evidence upon the issue whether or not the Berry claim had ever been marked upon the ground.

We find no error, therefore, for which the judgment should be reversed. It is accordingly affirmed.