SAMUEL F. WHITNEY *vs.* CHARLES W. HOUGHTON.

Worcester.    October 3. — 21, 1878.    AMES & SOULE, JJ., absent.

In an action for breach of warranty in the sale of a cow, the time of the sale was in dispute, and the defendant was allowed to put in evidence that, in an interview with a witness on a day prior to the time when the plaintiff contended that the cow was sold, the fact that he had then sold the cow to the plaintiff was a subject of conversation, but the witness· was not allowed to testify to what was said. *Held*, that the evidence was incompetent, as allowing the defendant to put in his own declaration that he had then sold the cow to the plaintiff.

CONTRACT for breach of warranty in the sale of a cow. At the trial in the Superior Court, before *Putnam*, J., the plaintiff's evidence tended to show that he bought the cow of the defendant on May 6, 1874; that the defendant then warranted the cow to be sound and all right; and that there was a breach of this warranty. The defendant contended that the sale was made about the middle of April, 1874; and that the cow was then sound.

The defendant called one Cummings as a witness, who testi-fied that in the year 1874 he was an assessor of taxes in the town of Harvard, where the defendant lived; that on May 2, 1874, he went to take an account of the defendant's taxable property for the purpose of assessing him; and that, in looking over the defendant's property for this purpose, he saw the cow in question at the defendant's barn; that the fact that the de-fendant had sold the cow to the plaintiff was a subject of con-versation between himself and the defendant at the time. The defendant was also permitted to testify to the same fact. The plaintiff objected to the admission of this testimony; but the judge permitted the witnesses to testify to this fact, only as bearing upon the time of the sale, and whether it took place before or after May 2, 1874; and did not permit them to testify to what was said, except as above. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. A. Gaskill*, for the plaintiff.

*F. P. Goulding*, for the defendant.

ENDICOTT, J.   At the trial, the defendant was allowed to prove that, in an interview with a witness on May 2, the fact that he had then sold the cow to the plaintiff was the subject of con-versation. This evidence had a material bearing upon the ques-tion, when the sale took place, which was in dispute between the parties. The presiding judge admitted the fact that there was such a conversation, but refused to allow the witnesses to testify to what was said. But the character of the conversation cannot be changed by thus describing it. From the fact that there was such a conversation, it is evident that the defendant had stated to the witness that he had sold the cow to the plaintiff, and she was no longer his property. The witness was an assessor of Harvard, who visited the defendant on that day for the purpose of taking an account of the defendant's taxable property, and it does not appear that he had any knowledge whatever of the sale, except that derived from his conversation with the defendant. It was not competent therefore for the defendant to put in his own declarations made to a third party. *Marcy* v. *Barnes*, 16 Gray, 161, 163. *Lucas* v. *Trumbull*, 15 Gray, 306. *Blood* v. *Sanderson*, 4 Gray, 586. *Woodward* v. *Leavitt*, 107 Mass. 453 *Nourse* v. *Nourse*, 116 Mass. 101.

In *Earle* v. *Earle*, 11 Allen, 1, two witnesses were called to prove what took place on a particular occasion, and the fact that they then had a conversation on a certain subject was held to be competent, on the ground that it would tend to show that they were testifying to the same occasion. In *Commonwealth* v. *Sullivan*, 123 Mass. 221, relied on by the defendant, a witness, who testified to a sale of intoxicating liquor, was allowed, for the purpose of fixing the time when the sale took place, to state that he testified to the same sale before the magistrate. But neither of these cases has any application to the case at bar.

*Exceptions sustained.*