W. LEWIS TAPP ET AL. v. S. COREY.

(Case No. 1844.)

1. PRACTICE — EVIDENCE — AGREEMENT.— An agreement between the litigants in a case of trespass to try title, that they claimed under a common source, was not an admission that each had a regular chain of title leading up to such common source, much less was it an admission that a deed offered in evidence was in the line of title.

2. SAME — EVIDENCE.— The effect of such an agreement was to relieve the plaintiffs below from the necessity of tracing their title back to the government. If they traced their title back to a common source, and defendant failed to show title in himself derived from the common source, or an outstanding title in any one else, judgment should not have been for defendant.

3. EQUITY — TRESPASS TO TRY TITLE.— A defendant in trespass to try title must connect himself with an outstanding equity in the hands of a third party, before he can use it as a defense.

4. TRUST — EVIDENCE.— Land was conveyed to a church elder in trust for his church. Plaintiff in trespass to try title claimed under deed from the trustee; the defendant under a deed purporting to be made by the trustees of a church. *Held:*

(1) That the recital in the deed that the grantors were trustees of the church was no evidence of the fact against a party claiming in opposition to the deed.

(2) If it was, and there was no connection shown between the church and the one for whose benefit the conveyance to the elder was made, the court could not judicially know that they were identical, even if the names were the same.

APPEAL from Bowie. Tried below before the Hon. B. T. Estes.

This was a suit of trespass to try title to lot No. 4 in block No. 42, in Texarkana, Bowie county, Texas. Defendant answered not guilty, and neither party demanding a jury, the case was tried by the judge and judgment rendered for defendant. It was agreed that both parties claimed through a common source — the Texas & Pacific R'y Co. The plaintiffs introduced a deed from the railroad company to Thomas Harrison, in consideration of $1 paid by Elder Thomas Harrison, of the African Baptist Church South, and his successors in office. They then produced a chain of title through Harrison down to themselves. Defendant produced a deed purporting to be made by Rochell, Custer, Davenport, etc., trustees of Mount Zion Baptist Church (colored), to J. B. Hooks, and a deed from Hooks to defendant.

*Tilson & Henderson*, for appellants, cited: 29 Tex., 259; 6 Conn., 559.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— The appellants traced their right to the land in controversy to the common source through which both they and the appellee claimed title, viz., the Texas & Pacific R'y Co. The appellee traced his title no further back than to certain parties who, styling themselves " Trustees of Mount Zion Baptist Church (colored), of Bowie county," made a deed to his vendor. What connection these grantors had with the common source of title, admitting that they claimed under it, does not appear. The agreement found in the statement of facts is that both parties claim under a common source; but this does not admit that they both have a regular chain of title leading up to this common source. But, if it did, this was no admission that the deed to Harrison was in the line of that title, and that parties claiming under the Texas & Pacific R'y Co. were entitled to all the benefits of the deed made to Harrison. The agreement was evidently designed to relieve the plaintiffs below from the necessity of tracing their title back to the government. The appellee having shown neither title in himself derived from the common source, nor an outstanding title in any one else, it is difficult

to perceive upon what grounds the court rendered judgment in favor of the appellee. Its conclusions of law and fact are not found in the record, and the appellees have not filed a brief setting forth any grounds upon which the court's decision can be sustained.

From the brief of appellant's counsel it would seem that the court held either that the deed from the Texas & Pacific Railway Company to Harrison conveyed the land to him in trust for the church mentioned in the deed; or that those claiming under Harrison were, by the recitals in the deed, affected with notice of the trust. The language of the deed is singular. It recites that "in consideration of $1 paid by Elder Thomas Harrison of the African Baptist Church, South, and his successors in office, of the county of Bowie, state of Texas," the company conveyed the land to Harrison, his heirs and assigns.

Admitting, for the purposes of the present case, that the title conveyed to Harrison was in trust for the benefit of the church named in the deed, this merely established an outstanding equity in the church, and it was necessary for the defendant to connect himself with that equity before it could avail him as a defense to this suit. Fitch v. Boyer, 51 Tex., 336; Johnson v. Timmons, 50 Tex., 521; Shields v. Hunt, 45 Tex., 424.

Whatever equities subsisted in favor of the church should have been asserted by it or its vendees, and not by a mere trespasser upon the land.

The defendant in this case did not connect himself with the equitable title. The recital in the deed from Rochell and others to Hooks, in which the grantors claim to be trustees of Mount Zion Baptist Church, is no evidence of the fact against a party claiming in opposition to the deed; and, if it were, there is no connection shown between this church and the one for whose benefit the conveyance to Harrison was executed. They have different names, and the court could not judicially know that they were identical, even if that were the case; and the record shows no proof on this subject.

This disposes also of all questions of notice as to the trust to be derived from the recitals in the deed. If the existence of the trust was no defense to the action, notice of its existence could not of course prejudice the plaintiffs' right to recover.

We think that as the plaintiffs below showed a regular chain of title running back to the Texas Pacific Railway Company, the common source of both titles, and the defendant failed to connect himself with the title of that company, or with the equities of the

African Baptist Church, South, of Bowie county, judgment should have been rendered for the plaintiffs.

The judgment of the court below will therefore be reversed and judgment rendered here for a recovery of the land in controversy by the appellant, and all costs of this and the lower court, and for a writ of restitution.

REVERSED AND RENDERED.

[Opinion delivered November 6, 1885.]