## T. F. WALLACE v. J. D. BERRY, ADMINISTRATOR.

### No. 3287.

1. **Certainty of Proof in Civil Cases—Charge.** — In a contest whether a conveyance in form a deed was a mortgage, it being attacked by the maker, it was error to instruct the jury that the law devolves upon the defendant alleging it to be a mortgage the burden of proving clearly and satisfactorily to their minds the fact that such was the case. The law does not exact such a degree of evidence.

2. **Practice—Agreement as to Common Source of Title.**—An agreement, or the admission by the defendant pleading not guilty in an action of trespass to try title, that "John Lee was common source of title," did not relieve plaintiff of the burden of connecting himself with that title by proper evidence. See testimony held insufficient to make such connection.

**3. Incompetent Testimony — Self-Serving Declarations.** —The grantor in a deed absolute in form remaining in possession in absence of his grantees from time to time made declarations that his deed was a mortgage, and statements as to his progress toward payment of the debt secured thereby, and of his full payment. These were offered in evidence to prove that the conveyance was a mortgage. *Held,* the testimony was properly excluded. The grantor could not give character to his act by such declarations long after its execution.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*Bassett, Seay & Muse,* for plaintiff in error.—1. A fair preponderance of such testimony as the jury might regard as trustworthy would be sufficient to authorize a verdict for the defendant, and it was error for the court to instruct them to find for the plaintiff unless the facts relied upon by the defendant were proved clearly and satisfactorily to their minds. Railway v. Matula, 79 Texas, 577, 582; Prather v. Wilkens, 68 Texas, 187, 190; Wylie v. Posey, 71 Texas, 35, 39, 46; Sparks v. Dawson, 47 Texas, 138.

2. The statements of Lee to the witness Stribling made immediately after the payments to Mrs. Ray, though not made in her presence, being free from any suspicion of design to manufacture evidence by self-serving declarations, were part of the res gestæ, and should have been permitted to go to the jury along with the fact of payment. McGowen v. McGowen, 52 Texas, 658, 664; City of Galveston v. Barbour, 62 Texas, 173, 176; Greenl. Ev., sec. 108, and note, in recent editions.

3. The declarations of Lee made while in possession of the premises explanatory of the character of his possession were admissible as original evidence. Greenl. Ev., sec. 109.

*H. G. Robertson,* for defendant in error.—1. If there had been evidence sufficient to justify a charge on the question of whether the deed was intended as a mortgage, then the charge given was the law as applied to the facts of the case. Markham v. Carothers, 47 Texas, 28; · Hays v. Hays, 66 Texas, 609.

2. The excluded declarations being made in the interest of Lee and in favor of his claim of title, and not in the presence of those claiming adversely, were properly excluded by the court. Hays v. Hays, 66 Texas, 609; Grooms v. Rust, 27 Texas, 234.

3. Even if such declarations had been admitted, they were not sufficient as a matter of law to overthrow the absolute deed of John Lee, there being no circumstances to support the theory that it was a mortgage, and the testimony even of a sworn witness, unsupported, would not be sufficient. Miller v. Thatcher, 9 Texas, 485; Cuney v. Dupree, 21 Texas, 219; 1 Jones on Mort., sec. 335.

STAYTON, CHIEF JUSTICE.—This is an action of trespass to try title, brought by Mrs. Ray, who died pending the litigation, and it was prosecuted to final judgment by defendant in error as administrator of her estate.

It was admitted that John Lee was the common source of title, and plaintiff in error claims through a sale regularly made in the course of the administration of Lee's estate, and Mrs. Ray claims through a deed made by John Lee several years before his death, which, though in form an absolute deed, was claimed by defendant to have been intended only as a mortgage, and this was the main issue in the case.

The court gave the following charge: "The only issue of fact presented for your consideration in this case is, Was the deed made by Lee to Thurmond & Ray intended between the parties to be a mortgage? This deed being absolute on its face, it is presumed to express the true intention and transaction between the parties. The defendant averring that this deed was really intended to be a mortgage, the law devolves upon him the burden of proving clearly and satisfactorily to your minds by evidence the fact that such was the case. If he has done so, then you should find for the defendant. If he has failed to do so, then you should find for the plaintiff."

This charge exacted of the defendant a higher degree of evidence or proof than the law requires, even in cases of this character. Prather v. Wilkens, 68 Texas, 187; Wylie v. Posey, 71 Texas, 34; Sparks v. Dawson, 47 Texas, 138; Railway v. Matula, 79 Texas, 577.

The admission that John Lee was the common source of title did not relieve plaintiff of the burden of connecting himself with that title by proper evidence (Tapp v. Corey, 64 Texas, 594), and it is urged that this was not done, and that for this reason the court should have granted a new trial.

In the petition and judgment the premises are described as follows: "Beginning at the northeast corner of a certain two-acre tract conveyed October 18, 1869, by M. Guillot to Carver Willis and George Washington; thence south with the east line of said tract to its southeast corner; thence west with the south line and north to the north line and east to the beginning, so as to embrace in the rectangle thus cut off the east end of said two-acre tract, one-half acre of land."

In the deed introduced by plaintiff from John Lee to Thurmond & Ray, the premises are described as follows: "Lying northwest of the Houston & Texas Central Railway, in the city and county of Dallas, in the State of Texas, it being the same land deeded to Richard Watkins by Carver Willis on the 7th day of May, 1873, in Book I, on page 110, and deeded to me by Richard Watkins on the 11th day of June, 1873; this deed recorded on the 16th day of June, 1873, in Book I, page 166, records of Dallas County, Texas, to which records for specific description reference is hereby made."

The records referred to were not introduced.

The description in the deed from Thurmond to Ray is similar to that in the deed of Lee to Thurmond & Ray, adding a reference to the deed from Watkins to Lee, and from Lee to Thurmond & Ray, no other description of the premises being given.

In the deed from H. L. Ray to Mrs. Rena Ray, the premises are described as lying in Freedmantown, being the same deeded to J. M. Thurmond and H. L. Ray by Lee on the 19th of October, 1874.

If the records referred to in the deed from Lee to Thurmond & Ray, and in the deed from Thurmond to Ray, had been introduced, it may be that it would have appeared that Ray acquired whatever right Lee once had in the land described in the petition; but this was not done. The same evidence might possibly have shown that the same property passed to Mrs. Ray by the deed made to her by H. L. Ray, but this is uncertain, for so far as the record shows the only facts of identification would be the date of the deed and the parties to it.

The plea of not guilty was, for the purposes of the case, an admission that defendant was in possession of the property described in the petition, but was a denial that plaintiff had title to it, and could not be construed into an admission that the deeds offered in evidence by plaintiff passed title to that particular land, and the same is true as to the several pleas of limitation pleaded by defendant.

Under the agreement as to common source of title, it was incumbent on plaintiff to show title under John Lee.

The deed by Lee to Thurmond & Ray was of date October 19, 1874, and there was evidence showing that Lee occupied the property, claiming it as his own until his death in 1880; but in view of the fact that the judgment must be reversed for matters already considered, we deem it unnecessary to express any opinion as to the sufficiency of the evidence to sustain the proposition that the conveyance by Lee to Thurmond & Ray was intended solely as a mortgage.

Defendant offered evidence the substance of which is thus stated by his counsel:

"The defendant offered to prove by the witnesses Stribling, Cullen, McKee, and Griffin, that at various times, beginning about October 19, 1874, the date of his deed to Thurmond & Ray, John Lee stated publicly and continuously, that he had given them a lien upon the premises to secure them in a lawyer's fee; that he still owned the lot and was working to pay off the lien; that at different times he stated, that he was paying off this claim to Mrs. Ray; that about two years before his death he claimed and asserted at different times, that he had paid off this lien to Mrs. Ray and his lot was now free, and that he continually made these assertions up to the time of his death. All of said declarations were made while he was in possession and controlling the premises, and his claim to the same was public and notorious. The

evidence was objected to by plaintiff, on the ground that it was not evidence against Rena Ray's title unless made in her presence or in the presence of those under whom she claimed. The court sustained the objection and excluded the testimony, to which the defendant duly excepted.

"By the witness Stribling the defendant further offered to prove: (1) That after the execution of the deed from John Lee to Thurmond & Ray, Lee offered to sell Stribling a part of the lot in controversy, in order, as Lee said, to get money with which to settle a lien of Thurmond & Ray. This was while Lee was in possession of the premises and renting a part of them to Stribling. (2) That about the year 1877, after paying Mrs. Ray some money, and immediately after she left and not in her presence or hearing, John Lee said to witness, 'I will soon finish paying her that fee, and my lot will be free from the lien.' (3) That about the year 1878 Mrs. Ray came to John Lee and got some money from him while he was on the premises in controversy, and as soon as she left, she not being present, Lee said to witness, 'Thank God! I have paid off that claim at last, and my lot is clear;' and that after this Mrs. Ray came no more until after his death, which occurred early in the year 1880. To this evidence plaintiff objected, that it was irrelevant and hearsay, and not evidence against Mrs. Ray's title unless the matters occurred in the presence of Mrs. Ray or those under whom she claimed. The court sustained the objection and refused to allow the proof. It was not claimed that Mrs. Ray, or those whose title she claims, was present or knew of said declarations. The defendant duly excepted to the exclusion of said evidence."

Appellant sought to give character to a transaction occurring between John Lee and Thurmond & Ray in 1874 by the declarations of Lee made many years afterward, and we think it clear that such declarations were not admissible as res gestæ; and being self-serving, the fact that they were made while in possession of the land would not make them admissible for any purpose bearing on the question of title. Whart. on Ev., secs. 1101, 1156; Whitney v. Houghton, 125 Mass., 451; Nourse v. Nourse, 116 Mass., 102; Duval v. Darby, 38 Pa. St., 59; Nogsett v. Ellis, 17 Mich., 371; Morrill v. Titcomb, 8 Allen, 100.

For the errors noticed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 12, 1892.