## Teresa B. Davis et al. v. George W. Ragland.

Decided March 24, 1906.

**1.—Judgment—Jurisdiction—Collateral Attack.**

In a judgment of a District Court of this State partitioning land between joint owners, the defendant was a minor and a nonresident of the State. In a subsequent suit of trespass to try title to the land so partitioned, the said defendant offered to testify that she had never been cited in said partition suit. Held, properly excluded. A judgment rendered by a court of competent jurisdiction in a cause involving property rights is not subject to collateral attack dehors the record.

**2.—Judgment—Subsequent Agreement—Modification.**

Subsequent purchasers of the property involved without notice can not be affected by an agreement between the parties to a judgment modifying or changing the terms of the judgment.

**3.—Trespass to Try Title—Abstract of Title.**

Article 5262, Revised Civil Statutes, construed. A sale designated in the abstract of title, provided 'for in said article, as a "parol sale," can not be shown by a deed and purchase money notes recited therein, the deed not having been included in the abstract.

**4.—Vendor—Subsequent Agreement.**

A vendor, having parted with his interest in land, can not, by an agreement concerning the boundaries or area of the same, affect the rights of his previous vendees.

**5.—Estates—Purchase by Administrator.**

The decedent having parted with his interest in the land before his death, there was nothing wrong in his administrator purchasing said land from the decedent's vendee. The holder of the legal title to land can maintain suit to recover the same.

Error from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Chas. S. Todd,* for plaintiff in error.—The court erred in excluding, on the objection of plaintiff, the testimony of the defendant, Mrs. Davis, offered by defendants to prove that no citation or other process was ever served on her in the partition suit of W. T. Hamilton and wife against her for partition of the J. E. Janes H. R. Survey; this was error because it was undisputed that she was a minor and non-resident of the State at the time of said suit and of the decree, and there is no recital in the decree nor any evidence, record or otherwise, showing that the court ever acquired jurisdiction of her person, and the testimony offered shows that in fact no such jurisdiction was ever acquired; and the fact that defend-

ants included the decree of partition in their abstract of title filed herein did not estop her from showing that said partition decree was void for want of jurisdiction. Crawford v. McDonald, 88 Texas, 631; Scanlan v. Campbell, 22 Texas Civ. App., 506; Shook v. Laufer, 11 Texas Ct. Rep., 594.

That the court erred in excluding the testimony of Mrs. Davis as to the understanding she had with her sister after she became of age, in regard to how the land had been divided, cited: Boyd v. Moss, 39 S. W. Rep., 983.

The court erred in excluding, on plaintiff's objection, the testimony of Mrs. Davis, offered by defendants to prove that immediately after the discovery of the mistake in the division line, the defendant, Mrs. Davis, and her then husband, Dr. Bentley and W. B. Kizer mutually adjusted and corrected the mistake by Mr. Kizer disclaiming and releasing to the defendant all land unsold by him lying north of what would be the true line dividing the tract into two equal parts in dimension and acreage, and disclaiming any interest in the lot No. 6 the 80 acres in controversy. Snow v. Starr, 75 Texas, 416; Ellis v. Stone, 4 Texas Civ. App., 164; Coughran v. Alderete, 26 S. W. Rep., 111; Hancock v. Tram Lbr. Co., 65 Texas, 233.

Evidence of estoppel is admissible under plea of not guilty, though not set out in abstract filed. Parker v. Cockrell, 31 S. W. Rep., 222; Scarbrough v. Alcorn, 74 Texas, 358; Mayer v. Ramsey, 46 Texas, 376.

That the court erred in refusing to give defendant's special charge as follows: "If you find from the evidence that about the year 1888 W. B. Kizer made an executory contract with H. M. Armsworthy to sell said Armsworthy the 40 acres of land mentioned in the defendant's special answer alleging such sale, and that under such contract of sale said H. M. Armsworthy went into actual possession of said forty acres and fenced and cleared and cultivated the same, and built a house or houses thereon and resided thereon until 1898, and that said Armsworthy paid the purchase money or any part thereof to said Kizer, then you will find for the defendants as to said forty acres of land." Erwin v. Daniels, 9 Texas Ct. Rep., 185; McCord v. Hames, 12 Texas Ct. Rep., 330; Sanborn v. Murphy, 5 Texas Civ. App., 509; Huffman v. Mulkey, 78 Texas, 561; Scarborough v. Arrant, 25 Texas, 129; Milligan v. Ewing, 64 Texas, 258; Tom v. Wollhoefer, 61 Texas, 281.

*Hart, Mahaffey & Thomas,* for defendant in error.—In a suit between a party to a judgment of a court of competent jurisdiction, and a third party, involving property rights growing out of, or based upon such judgment, said judgment is not open to collateral attack, by evidence dehors the record, that the party making such attack was not served with citation.

Plaintiff in error having furnished defendant in error with an abstract of her title which said abstract set out, as one of the muniments of her title, the judgment of partition rendered in the case of Hamilton v. herself, she could not, upon the trial question the validity of such judgment. Claiming under such title, she affirmed its validity. Crawford v. McDonald, 88 Texas, 632, and authorities there cited; Batt's Statutes,

art. 5260-63; Wichita Land & Cattle Co. v. Ward, 1 Texas Civ. App., 307; Glover v. Thomas, 75 Texas, 507.

The court did not err in excluding the testimony of Mrs. Davis as to the understanding she had with her sister after she came of age, first, because the record shows that at the time of the alleged understanding between Mrs. Davis and W. T. Hamilton and wife, that Hamilton and wife had long since parted with all their title to the land involved in this suit; second, because there was no pleading authorizing its admission; third, because its effect would have been to vary and alter a valid judgment of the District Court of Bowie County, Texas; fourth, because a mistake can only be corrected in an action brought for that purpose between the parties thereto of their privies; fifth, because such evidence was hearsay. Smith v. Dunman, 9 Texas Civ. App., 325; Hinson v. Walker, 65 Texas, 106; Buckler's Digest, vol. 1, p. 704; Blumberg v. Mauer, 37 Texas, 7.

A party is bound by the title shown in the abstract filed. Batt's Statute, art. 5263; Smith v. Powell, 5 Texas Civ. App., 380.

The evidence of Mrs. Davis as to the deed from Kizer to Armsworthy was not admissible, because, first, no proof was made or offered of the execution of said deed by Kizer; second, no sufficient predicate had been laid for the introduction of secondary evidence. Bounds v. Little, 75 Texas, 321.

The undisputed proof showing that W. B. Kizer sold and conveyed the land in question to Curd in 1895, statements and agreements made by him in reference thereto in 1897 would not be admissible, because at the time of making the same, Kizer owned no right, title, claim or interest in said land and was without authority to contract in relation thereto. O'Brien v. Hilburn, 22 Texas, 624; Wallace v. Berry, 83 Texas 332; Ellis v. Stone, 4 Texas Civ. App., 164.

The legal title being in Ragland, he was entitled to sue and recover the land as against these defendants. An administrator is not barred from purchasing land simply because the title thereto had at one time vested in his intestate. Lee v. Salinas, 15 Texas, 495; Hearne v. Erhard, 33 Texas, 61; Franco-Texas Land Co. v. Howe, 3 Texas Civ. App., 319; Evans v. Reeves, 6 Texas Civ. App., 258; Aldridge v. Pardee, 24 Texas Civ. App., 257; Smith v. Wingate, 61 Texas, 54.

TALBOT, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by defendant in error George W. Ragland against Mrs. Teresa B. Davis and husband Gordon Davis, plaintiffs in error, to recover a tract of land, a part of the J. E. Janes head right survey in Bowie County, and to also recover the rent for the use of same.

Defendants plead not guilty, the three and five years statutes of limitation, and equitable title to 40 acres of the land in controversy by reason of executory title and possession, improvements and payment of part of purchase money by their vendor.

On the trial the court directed a verdict for plaintiff for the land sued for and $120 rents, and verdict and judgment were rendered accordingly, from which this appeal is prosecuted.

J. E. Janes owned a head right survey of 1476 acres in Bowie County. He died leaving as heirs two children, Mrs. Teresa B. Davis and her sister,

Mrs. Hamilton. In 1877 the District Court of said county entered a judgment partitioning said 1476 acres between said two heirs equally, giving to Mrs. Davis the north half and to Mrs. Hamilton the south half. The land in controversy is situated on the south half according to the partition line of the commissioners who divided it.

The plaintiff, Ragland, claims the land under regular mesne conveyances from Mrs. Hamilton down to himself.

The defendant claims through the judgment partitioning the land between herself and sister; also claims 40 acres through parol sale made by W. B. Kizer to H. M. Armsworthy.

The plaintiffs in error complain of the court in excluding the testimony of Mrs. Davis to the effect that she was never cited in the partition suit of the District Court, wherein the land was divided between her and her sister. The contention is that she was at that time a minor, a nonresident of the State, and there is no recital in the decree or evidence of record showing the court ever acquired jurisdiction. We think there was no error in this ruling. The judgment was rendered by a court of competent jurisdiction in a cause involving property rights, and is not subject to collateral attack by evidence dehors the record. Mr. Denman, justice, in discussing the question of impeaching judgments collaterally that are not void on their face, says, in Crawford v. McDonald; 88 Texas, 626. "There is, however, another rule of law equally well settled upon principles of public policy, which precludes inquiry by evidence aliunde the record, in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically the judgment is in fact void, but on grounds of public policy the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore for all practical purposes, in such collateral attack, the judgment is held valid." The effort to show the judgment of partition to be a nullity in this case was a collateral attack and the foregoing remarks of Justice Denman are applicable. Beside, there was no pleading calling the decree in question, but on the other hand the plaintiff in error included it as a muniment of her title in the abstract furnished plaintiff.

The court did not err in excluding the testimony of Mrs. Davis as to the understanding she had with her sister after she became of age, in regard to how the land had been divided, that is, in running the division line that there was a material mistake on the part of the commissioners in that they thought they were running the line so as to divide the land equally as to acres, whereas it was not so done. The effect of this evidence would have been to vary the judgment, which, in a collateral attack, can not be done. Beside, Mrs. Hamilton had disposed of her interest in the land to persons who knew nothing of said matter.

Plaintiffs in error claim 40 acres of the land in controversy through purchase from one H. M. Armsworthy. After introducing this conveyance Mrs. Davis was asked if at the time she purchased she saw any papers in Armsworthy's possession, any papers relating to said land. She would have testified that she saw in his possession a deed from W. B. Kizer to H. M. Armsworthy, reciting a consideration of three notes of $66.66 each, executory in its character, and that she also saw in the possession of Armsworthy a note for $66.66, purporting to be one of the notes recited in said deed and which was marked paid and canceled, and further that Armsworthy soon after left the country and after diligent search he could not be found. This testimony was excluded upon the objection of plaintiff that it was not the best evidence and no notice was given of said deed and note by the abstract filed by the defendant, but gave notice of a parol sale.

The court did not err in sustaining the objection to this evidence. The defendants had filed an abstract of title under the statute (Rev. Stats., art. 5262, and this deed was not included therein. (Smith v. Powell, 5 Texas Civ. App., 373.) But the sale from Kizer to Armsworthy was designated a "parol sale." No proof was offered of the execution of said deed, nor was there any predicate laid for the introduction of secondary evidence.

The court excluded the testimony of Mrs. Davis, offered by defendants, to the effect that immediately after the discovery, in 1897, of the mistake in the division line, she, her husband and W. B. Kizer mutually adjusted and corrected the mistake in the division line by Kizer disclaiming and releasing to the defendants all land unsold by him lying north of what would be the true line dividing the tract into two equal parts in dimension and acreage. The contention is that this disclaimer by Kizer prevented the defendant from proceeding to correct the decree of partition within the period of limitation which they might have done, and the said Kizer and those holding under him were estopped from claiming the said land against the defendant, Mrs. Davis. At the time the disclaimer of Kizer is purported to have been made he owned no right, title or interest in the land, he having conveyed his title in 1895, and therefore had no authority to bind his vendee, or those claiming through his vendee. Kizer having sold his title his subsequent disclaimer would not affect the rights of the plaintiff herein, and it was not error to exclude said evidence. (O'Brien v. Hilburn, 22 Texas, 617; Wallace v. Berry, 83 Texas, 328; Ellis v. Stone, 4 Texas Civ. App., 157.)

The fifth error assigned is as follows: "The court erred in sustaining the plaintiff's objection to the executory contract in writing between W. B. Kizer and H. M. Armsworthy when offered by defendant as per bill of exception No. 5. This was error because said contract came from the possession of W. B. Kizer and a copy of the body of the same had been served upon the defendants as part of the plaintiff's evidence, and said contract had been introduced in evidence by the plaintiff and the endorsement on the same shows the payment of part of the purchase money by Armsworthy; and under these facts the plaintiff could not dispute the binding force of the contract upon W. B. Kizer, and plaintiff claiming under him with notice, even though he had not signed or delivered the same."

The instrument referred to in the above assignment is as follows:

Texarkana, Feb. 10, 1888.

This is to certify that I agree to sell to H. M. Armsworthy the south half of lot No. (6) six of the J. E. Janes headright as subdivided by the ⸜county surveyor and so recorded in Bowie County, Texas, commencing at N. W. corner of lot No. 5, thence E. 534 7-10 varas; thence N. 432 varas; thence west 534 7-10 varas; thence south 422 varas to the place of beginning, containing forty acres, for the sum of two hundred dollars. One-third, $66.66-100 on August 1, 1888, one-third, $66.66-100 on January 1, 1889; one-third, $66.66-100 on January 1, 1890. All bearing twelve percent interest from the date of this agreement until paid. Said Armsworthy is to move on said land and commence improving the same, but is not to sell timber to be moved off of said land until one-third of purchase money is paid; and upon the full payment of principal and interest I, W. B. Kizer, bind myself in the sum of four hundred dollars to make a good and sufficient deed to the same, but in default of making said payment as set forth in this contract the same becomes null and void and all payments (if any) and improvements are hereby forfeited; and I agree to give said Kizer or his assigns reasonable possession of the said tract of land waiving all title either in same or equity. This February 10, 1888. I accept the above contract and agree to pay said amount as set forth in said contract. H. M. Armsworthy."

This evidence having been introduced by plaintiff without limitation we do not see how defendants were prejudiced by not being allowed to introduce it. Being in evidence it was in for all purposes for which it stands, and therefore defendants were not injured by reason of not being allowed to introduce it. But aside from this feature, and viewing it as original evidence to show title in defendant, we see no error in excluding it. It came from the possession of Kizer, or rather it was found among his papers after his death by his administrator, and there is no proof of it ever having been delivered by him. It was not included in defendants' abstract of title furnished to plaintiff. But treating it as a contract duly entered into, we do not see of what avail it would be to defendants. By its terms Armsworthy was to make certain payments, in default of which the contract was to become null and void, and "all payments (if any) and improvements are hereby forfeited." There was no proof given (or tendered) that *all* the notes were paid. This was a condition precedent to Armsworthy, or those claiming under him, becoming the owners of said land. Kizer had conveyed the land to another under whom plaintiff claims, which shows that Kizer had elected to rescind the contract which he had the right to do if the purchase price had not been paid by Armsworthy. We are unable to see that defendants were injured by the action of the court in excluding the instrument.

The following charge was asked by defendants, which was refused, to wit: "If you find from the evidence that in 1877, when the decree of partition which is in evidence before you was rendered, the defendant Teresa B. Davis was a minor under the age of 21 years and unmarried, then the plaintiff is not entitled to recover any of the land sued for in this suit, and your verdict will be for the defendant." This would have

been in effect an attack upon the partition judgment which was not permissible in this suit.

The court refused the following charge asked by defendants, viz: "If you find from the evidence that plaintiff, C. W. Ragland, never owned or claimed any real interest in the land sued for, but the deed from Curd was made to him in trust for the use and benefit of M. D. Tilson, and that M. D. Tilson is the real plaintiff herein, suing for his own personal benefit through Ragland, plaintiff, and you further find that said Tilson was at the time of purchase from Curd and still is the administrator of W. B. Kizer, deceased, then the plaintiff is not entitled to recover in this suit and you will find for the defendants."

Kizer conveyed his interest and title in and to the land before his death, and when the land was conveyed to Ragland, Kizer's estate had no interest in the land and there was nothing wrong in Tilson purchasing from Kizer's vendee, though at the time he, Tilson, was Kizer's administrator. Ragland held the legal title to the land and had the right to sue, though trustee for Tilson. Of course defendants could interpose any defenses that they might have against Tilson.

The court did not err in refusing the following charge, viz: "If you find from the evidence that about the year 1888 W. B. Kizer made an executory contract with H. M. Armsworthy to sell said Armsworthy the 40 acres of land mentioned in the defendants' special answer alleging such sale, and that under such contract of sale said H. M. Armsworthy went into actual possession of said forty acres and fenced and cleared and cultivated the same, and built a house or houses thereon and resided thereon until 1898, and that said Armsworthy paid the purchase money or any part thereof to said Kizer, then you will find for the defendants as to said 40 acres of land."

Under the contract Armsworthy had forfeited his improvements, not having paid the purchase money, and his possession, etc., did not authorize a recovery for defendants.

It was not error to refuse the charge to the effect that if the jury should find rents for plaintiff to deduct the amount of improvements. Armsworthy was not entitled to pay for improvements, the evidence showing that he had abandoned the land, and the contract had been repudiated by Kizer in 1895. The evidence shows that the rents since the bringing of this suit until the trial, amounted to as much as judgment was rendered for.

The evidence warranted the court in directing a verdict for plaintiff. Plaintiff showed a complete chain of title from the sovereignty of the soil and the defendants failed to show title, either equitable or legal, to the land, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.