GRIGSBY et al. v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. Dallas. May 6, 1911.)

1. EVIDENCE (§ 596*)—DEGREE OF PROOF—SATISFACTION OF JURY.

In an action against a railway company for a delay in shipping an automobile, the burden of proof was upon plaintiff to show his right to recover by preponderance of evidence; but he need not make out his case to the satisfaction of the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2446; Dec. Dig. § 596.*]

2. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR.

Where the evidence was sufficient to have justified the jury in finding for plaintiff, an instruction that the burden is upon plaintiff to make out his case to the satisfaction of the jury cannot be held to have been harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219; Dec. Dig. § 1064.*]

3. CARRIERS (§ 99*)—CARRIAGE OF GOODS—DELAY IN TRANSPORTATION.

Where a carrier accepted an automobile for shipment, it is liable for an unreasonable delay in the shipment, and its temporary inability to secure a car large enough to hold the automobile will not exonerate it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 418; Dec. Dig. § 99.*]

Error from Kaufman County Court; Thos. R. Bond, Judge.

Action by C. M. Grigsby and others against the Texas & Pacific Railway Company. From a judgment in a Justice's Court for plaintiffs, defendant appealed to the County Court, where judgment was given in its favor, and the plaintiffs bring error. Reversed and remanded.

Ross Huffmaster, for plaintiffs in error.

TALBOT, J. The plaintiffs in error instituted this suit in the justice court of Kaufman county to recover damages in the sum of $105 alleged to have been sustained on account of delay in the shipment of an automobile from Minden, La., to Terrell, Tex., routed over defendant's road, and for an alleged overcharge of freight in the sum of $51. Plaintiff having recovered judgment in the justice court, the defendant appealed the case to the county court, where a trial before a jury resulted in a verdict and judgment in its favor, and the plaintiff brings the case to this court by writ of error.

[1] The first assignment of error complains of the following paragraph of the court's charge: "The burden is upon the plaintiff to make out his case from the evidence to your satisfaction, and, if he has failed to make out his case, you will find for the defendant." This charge is error, for which the judgment must be reversed and the cause remanded. The burden of proof was upon the plaintiff to show his right to recover by a preponderance of the evidence, and the charge in question, having informed the jury that the burden was upon him to make out his case to their "satisfaction," exacted a higher degree of proof than the law requires.

[2] The evidence was sufficient to have warranted the jury in finding a verdict for plaintiffs in some amount, and it cannot be held that the charge was harmless. That such a charge is erroneous is well established by the decisions. Feist et al. v. Boothe et al., 27 S. W. 33; Wallace v. Berry, 83 Tex. 330, 18 S. W. 595; Railway Co. v. Matula, 79 Tex. 582, 15 S. W. 573.

[3] The second assignment is to the effect that the court erred in not granting appellant a new trial on the ground that the uncontroverted evidence in the case shows an unreasonable delay in the shipment of his automobile for which he was entitled to recover damages. We are of opinion this assignment is well taken. The evidence, we

think, shows beyond controversy that there was an unreasonable delay in the shipment of appellant's automobile of at least 10 days, and that the only excuse offered for this delay is that appellee, for that length of time, was unable to obtain a car large enough to put it in. Having accepted appellant's property for shipment, it became appellee's duty to transport it to destination without any unreasonable delay, and the temporary inability to secure a car large enough in which to ship it will not exonerate appellee from liability for such damage as appellant suffered by reason of such delay.

The sureties on the cost bond were liable for the costs of both the justice and county courts, and their contention that they were only responsible for the justice court costs is not sound.

For the errors pointed out, the judgment is reversed, and the cause remanded.