HIRSCHFIELD et al. v. ATER et al.

(Court of Civil Appeals of Texas. Austin. June 5, 1912.)

1. STIPULATIONS (§ 18*) — CONCLUSIVENESS AND EFFECT.

Though in trespass to try title it was agreed that both plaintiffs and defendants claimed under a certain individual as a common source, the plaintiffs were not entitled to have a recovery in the absence of an affirmative showing that they have a regular chain of title from such common source.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 41–54; Dec. Dig. § 18.*]

2. TRUSTS (§ 134*)—CREATION OF ESTATE— EFFECT.

Where property was conveyed with the intent, and the grantee later declared, that he held the lands in trust for the purpose of securing creditors and obligated himself to sell the lands and pay claimants their pro rata share of all moneys received, the instruments must be construed together, and the trustee did not have title absolutely for the benefit of the creditors, so that the creditors obtained no right to any portion of the land, but could only proceed to foreclose the lien created on the land by the trust deed.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 177; Dec. Dig. § 134.*]

Error from District Court, Bell County; John D. Robinson, Judge.

Action by W. H. Hirschfield and others against A. B. Ater and others. From a judgment for defendants, plaintiffs bring error. Affirmed.

John B. Durrett, of Belton, for plaintiffs in error. Jas. Boyd and Monteith & Monteith, all of Belton, for defendants in error.

RICE, J. This is a suit in trespass to try title, brought by plaintiffs in error against defendants in error to recover an undivided one-twelfth interest in a tract of 1,016 acres of land out of the Jose David Sanchez six-league grant, situated in Bell county, Tex. As shown from their brief, plaintiffs in error pleaded their title to said land, alleging that about the 6th day of July, 1871, Edwin Waller, Jr., by his attorney in fact, Z. Hunt, conveyed by his deed in writing of the above date, to one Z. T. Duer, an undivided fourth interest in two-thirds of six leagues of land in Bell and Milam counties, Tex., granted to Jose David Sanchez, in which land was included the land sued for; that said Duer was a trustee in said conveyance for the creditors of one Francis R. Penrice, deceased, among which creditors John S. Hirschfield and S. F. Downard, the ancestors of the plaintiffs, were named; that afterwards, to wit, on or about January 6, 1872, the said Duer executed a declaration of trust, wherein he declared himself a trustee for said creditors as to said land, and set out in said instrument the name of each creditor of said Penrice for whom he held in trust, and the amount of each claim, and named said John S. Hirschfield as a creditor to the amount of $1,121.58 and S. F. Downard as a creditor to the amount of $554.75, the two amounts being one-twelfth of the total amount, $21,592.27, named in said instrument; that afterwards, on or about November, 1872, in the case of Hunt & Holland et al. v. Samuel W. Punchard et al., No. 2,401 in the district court of Austin county, Tex., a partition was had of said lands granted to the said Jose David Sanchez, and two certain tracts thereof were set apart to the said Duer, one of which is the 1,016-acre tract described in plaintiffs' petition; that the said John S. Hirschfield and S. F. Downard are dead, and plaintiffs are their sole heirs; and that all the defendants claim title to said land through the same conveyance above set forth, and through a common source with plaintiffs.

Defendants answered, setting up the following defenses to plaintiffs' cause of action: First, general exception to the petition; second, special exceptions, that it appeared from the face thereof that plaintiffs' cause of action was barred by the statute of five and ten year limitation; third, that it appeared therefrom that their cause of ac-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tion was a stale demand, and the same was barred by the four-year statute of limitation; plea of not guilty; five-year statute of limitation and ten-year statute of limitation. Defendants further pleaded, in bar of plaintiffs' cause of action as against the heirs of John S. Hirschfield, a judgment rendered in the district court of McLennan county in a suit in which Jos. E. Ryan et al. were plaintiffs against Boxley et al., No. 4,413, describing specifically and particularly said cause, and the judgment therein rendered. The defendant Ater set up that he had purchased 672 acres of said land from W. L. Robbins and Annie H. Boxley by deed dated November 2, 1896, and 130 acres thereof from W. M. Rice, by deed dated September 8, 1897, the two said tracts being the undivided interest of the said parties in 1,107 acres described substantially as in plaintiffs' original petition, and setting up that there was a shortage in said tract of land, and that the same contained only 864 acres, that he was entitled to 802 acres thereof, and that the remainder belonged to his codefendants; and further setting up and alleging valuable improvements by him on said property in good faith.

There was a nonjury trial, resulting in a verdict and judgment for defendants, from which plaintiffs have appealed, assigning that the court erred in holding that the evidence failed to show title to the land described in the plaintiffs' petition in plaintiffs and in rendering judgment for defendants against plaintiffs. It was agreed that all parties, both plaintiffs and defendants, claimed title through C. F. Duer *as a common source.*

[1] Notwithstanding said agreement, before plaintiffs were entitled to recover it was incumbent upon them to connect themselves, by proper evidence, with such common source, showing superior title thereto; and, unless they have done so, they have failed to make out a prima facie case, and are not entitled to recover. See Wallace v. Berry, 83 Tex. 328, 18 S. W. 595; Howard v. Masterson, 77 Tex. 42, 13 S. W. 635. An agreement that both parties claim under a common source does not admit that they both have a regular chain of title from the common source. Tapp v. Corey, 64 Tex. 594. A careful examination of the record fails to disclose any evidence showing or tending to show any conveyance out of Duer to plaintiffs or their ancestors. For this reason alone, if for no other, the court was required to render judgment for defendants in error.

[2] However, the judgment of the court below can be sustained for another good and sufficient reason. While it appears that Edwin Waller, Jr., on the 6th of July, 1871, conveyed this land, amongst others, to C. F. Duer, still the record further shows that this conveyance was not intended to vest title thereto in Duer, for the reason that the said Duer thereafterwards, to wit, on the 6th day of January, 1872, by an instrument of writing executed by him, expressly declared that said lands were conveyed to him by Waller in trust for the purpose of securing certain creditors of the estate of Francis R. Penrice, deceased, in certain amounts owing by said Penrice to them, including the ancestors of plaintiffs in error in the list of creditors thereto attached, agreeing to pay the taxes upon said land, preserve the timber thereon from trespass, and, finally, to sell the same for the benefit of said creditors, obligating himself to pay over to the respective owners of said claims their equal pro rata share of all moneys received from sales of said lands. These instruments must be construed together, the effect of which, in our judgment, was not to put absolute title in Duer for the benefit of plaintiffs' ancestors, but for the specific purpose of selling the land and discharging the indebtedness owing to the creditors of Penrice, thereby merely impressing said land with a lien in favor of said creditors. This being true, such deeds furnished no evidence of title in plaintiffs in error, but their remedy, if any, was to foreclose their liens upon said land, making all the other parties interested therein defendants, for the purpose of satisfying their claims thereon.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.