JOSEPH OUIMETTE *vs.* EDWARD H. HARRIS.
GEORGE OUIMETTE *vs.* SAME.
ELIZABETH DONNELLY *vs.* SAME.

Hampden.    November 10, 1914. — December 29, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Agency. Evidence,* Self-serving statements.

In an action against a proprietor of a garage, presumably engaged in the business of selling automobiles, for injuries to a horse and carriage of the plaintiff from

---

being run into on a highway by an automobile negligently driven by a man in the employ of the defendant, if there is evidence that on the morning after the accident and near the scene of it the defendant said that the driver of the automobile was one of his best men, that such driver and the defendant did all the demonstrating for the defendant, that the driver had told the defendant on the day of the accident that he wanted to take the car out to demonstrate to somebody, "to show it to a party," and that the defendant had let him take it, and if, so far as appears, this driver never drove the defendant's cars except as a demonstrator, there is evidence for the jury that when the accident occurred the driver was doing the defendant's work and was acting within the scope of his employment.

A witness cannot be permitted to testify to declarations made by himself in favor of the party calling him, where it does not appear that the statements made by him were a part of the *res gestae* or were admissible under any other exception to the rule against self-serving statements.

THREE ACTIONS OF TORT, against the proprietor of a garage at Hartford, Connecticut, the first by the owner of a horse and carriage for injury to his property, and the second by two persons who were in the carriage for personal injuries, all alleged to have been caused by the collision of an automobile driven negligently by an alleged servant of the defendant with the horse and carriage of the plaintiff in the first case on the evening of July 23, 1911, on Longmeadow Street, a public highway in Longmeadow. Writs dated July 24 and August 1, 1911.

In the Superior Court the cases were tried together before *Ratigan*, J. The evidence is described in the opinion. Pease, there mentioned, who was driving the defendant's automobile at the time of the collision, was called as a witness for the defendant and testified that at the time of the accident he was employed by the defendant as a repair man in his garage at Hartford, and that on the morning of the accident he had asked the defendant's permission to take the automobile for a pleasure drive for himself and his wife, that he drove to Warehouse Point in Connecticut, where he stopped at the Saltonstall Inn and went in to see one Loftus, the bartender at that inn, and had some talk with him and that he knew that Loftus had a lady friend. The defendant then offered to show what the conversation was between the witness and Loftus, stating that he offered to show that Pease, the witness, invited Loftus to take his lady friend to go out to drive with him in this car on this day for pleasure. This evidence was objected to by the plaintiffs and was excluded by the judge, and the defendant excepted.

At the close of the evidence the defendant asked the judge to give the following instructions to the jury:

"2. If the defendant was not driving the car or in the car at the time of the accident the plaintiffs cannot recover.

"3. If the defendant was not driving the car or in the car at the time of the accident there is no sufficient evidence to show that the driver of the car was engaged in the defendant's business and the plaintiffs cannot recover."

"6. If the defendant was not in the car at the time of the accident, and the car was driven by Pease for his own purposes, the plaintiffs cannot recover, even if Pease had been granted permission to use the car for his own purposes by the defendant."

"8. There is no sufficient evidence in these cases that Pease at the time of the accident was demonstrating said car for the purposes of sale and the plaintiffs cannot recover on that ground."

The judge refused to give the second and third instructions requested.

When the counsel for the defendant called the judge's attention to the sixth instruction requested, he instructed the jury as follows:

"I am asked to say to you this: If the defendant was not in the car at the time of the accident, and the car was driven by Pease for his own purposes, the plaintiffs cannot recover, even if Pease had been granted permission to use the car for his own purposes by the defendant.

"That is, the whole thing turns, as I said to you time and time again, if the car was being run by Pease, with the owner's permission, while he was in the car, and if in such running of the car he was carrying out the master's business and executing his orders, why, then the master would be responsible."

The defendant excepted to the last statement made by the judge following the giving of the sixth request. The judge stated to the jury that he did not give the eighth instruction requested because it was a question of fact for the jury. The character of the charge is described in the opinion. Among other matters, the judge instructed the jury as follows:

"Even if the defendant said to either of the Ouimettes that Pease upon the day of the accident requested permission from the defendant to take the car for the purpose of demonstrating the

same to a possible customer, yet if the fact be that Pease did not take out the car for any such purpose, and did not in fact demonstrate said car for any such purpose and the defendant was not in the car at the time of the accident, the plaintiffs cannot recover.

"That is, the whole thing turns on the question, whether the defendant was there or not, whether Pease, in taking the car and running it, was carrying out the orders of the defendant and acting within the scope of his employment. That is the whole question."

The jury returned a verdict for the plaintiff Joseph Ouimette in the sum of $375, for the plaintiff George Ouimette in the sum of $100 and for the plaintiff Elizabeth Donnelly in the sum of $50. The defendant alleged exceptions.

The cases were submitted on briefs.

*W. H. McClintock & J. F. Jennings,* for the defendant.

*D. E. Leary, G. D. Cummings & G. F. Leary,* for the plaintiffs.

DE COURCY, J. At some time during the evening of July 23, 1911, in the town of Longmeadow, a collision occurred between an automobile owned by the defendant and a carriage owned by the plaintiff Joseph Ouimette, in which the plaintiffs George Ouimette and Elizabeth Donnelly were travelling. There was evidence that the plaintiffs who were in the carriage were in the exercise of due care, and that the driver of the automobile was negligent in the running of it at the time of the accident.

The plaintiffs introduced evidence that the defendant himself was in the automobile at the time, and the defendant introduced testimony to the contrary. On the issue thereby raised there is no question of law before us. The evidence offered by the defendant also tended to show that the automobile was being driven by one Pease, who was in his employ; but that Pease was not acting within the scope of his employment at the time of the accident. The defendant requested certain rulings on this issue and the refusal to give the second and third raises the main question before us. That is, in substance, was there evidence to warrant a finding that the driver of the car was acting within the scope of his employment?

If the verdict for the plaintiffs was based on this issue, the jury must have rejected much of the testimony of the defendant and of Pease, the two persons whose relation to each other was

involved. The remaining testimony on the question was meagre, and perhaps necessarily so. It consisted chiefly of statements alleged to have been made by the defendant himself on the morning after the accident, and near the scene thereof, to the effect that Pease was one of his best men, that Pease and himself did all of the demonstrating for the defendant, and that Pease had told him on the day of the accident that he "wanted to take the car out to demonstrate it to somebody, . . . to show it to a party,". and he, the defendant, "let him take it." In addition to this, however, the jury properly might infer that when Pease later in the day took the car from the garage he was acting in pursuance of the purpose so expressed by him, and as expressly authorized by the defendant. So far as appears he never drove the defendant's cars except as a demonstrator. As probably is usual in the process of demonstrating an automobile, no limits were prescribed by the defendant in this alleged conversation as to where Pease should take the car, how he should drive it, or when he should return. In view of all this testimony and the reasonable inferences we cannot say that there was not evidence to be submitted to the jury on the question whether Pease was doing the defendant's work, and acting within the scope of his employment on the evening of the accident. *Reynolds* v. *Denholm*, 213 Mass. 576. *McKeever* v. *Ratcliffe*, 218 Mass. 17. *Campbell* v. *Arnold, ante*, 160.

The second and third requests were refused rightly, and the eighth was adequately covered in the full and correct charge. On the evidence the issues were, Was Pease using the car in the work of, and by the permission of, the defendant? or Was he using it for his own pleasure and without permission? There was no evidence that he "had been granted permission to use the car for his own purposes," and the judge properly refused to give the sixth request without modification.

The evidence of self-serving statements made by Pease in Connecticut on the morning of the accident was not admissible on any ground suggested by the defendant. His visit to the Saltonstall Inn was not material to the issues tried, and accordingly his declarations made at that place could not be admitted as verbal acts or as part of the *res gestae*. *Whitney* v. *Houghton*, 125 Mass. 451, and cases cited.

*Exceptions overruled.*