ELLIS v. HAYNES.   (No. 8221.)

(Court of Civil Appeals of Texas. Dallas. Oct. 25, 1919.)

1. EVIDENCE ⬅➡354(11)—BOOK ENTRY ADMISSIBLE ALTHOUGH WITNESS DID NOT MAKE ENTRIES.

In suit submitted upon sole issue whether deed from defendant and wife to plaintiff was intended as a mortgage or for security, where plaintiff claimed that at time of conveyance he paid to defendant $500 in cash for the land, the court erred in excluding evidence of the cashier of the bank as to whether plaintiff's account showed a charge of $500 on said date, though the cashier had not made the entry.

2. EVIDENCE ⬅➡273(3)—SELF-SERVING DECLARATIONS OF GRANTOR.

In suit upon issue whether deed from defendant and wife to plaintiff was intended as a mortgage or for security, testimony as to declarations of defendant grantor to the effect that he was the owner, made when plaintiff was not present, claimed to be self-serving, was inadmissible.

3. TRIAL ⬅➡349(3)—SUBMISSION OF SPECIAL ISSUE WITHOUT REQUEST.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, leaves with the court discretion to submit special issue without request.

4. TRIAL ⬅➡232(2)—NECESSITY OF ACCOMPANYING SPECIFIC ISSUE WITH INSTRUCTION.

Where court submitted cause on sole issue whether deed from defendant and wife to plaintiff was intended as a mortgage or security, a charge on burden of proof, and question whether defendant after conveying the land remained in possession and attorned to plaintiff as his landlord for such time as would be a bar under statute of limitations, held necessary.

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by A. T. Ellis against John Haynes. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Wynne & Wynne, of Kaufman, and Adams & Stennis, of Dallas, for plaintiff in error.

Huffmaster & Huffmaster, of Kaufman, for defendant in error.

RAINEY, C. J. Plaintiff in error brought this suit to recover of defendant in error a certain tract of land conveyed to him in 1903, some 14 years before suit, by plaintiff and wife by an absolute conveyance. Plaintiff in error claims to be the owner under said conveyance.

Defendant in error by answer claimed said land, and that said conveyance was made by him and wife to secure plaintiff in error in the payment of an indebtedness and was given solely as a mortgage to secure said indebtedness, and therefor the plaintiff in error had no right to recover said land.

The case was submitted to the jury on the sole issue, viz.:

"Does the evidence show that the deed from John Haynes and wife, Jane Haynes, to the plaintiff, A. T. Ellis, dated October 28, 1903, was intended by the parties as a mortgage or security for a debt or other like purpose?"

The jury answered in the affirmative. Upon this answer being returned by the jury, the court rendered a judgment for defendant in error, and from this judgment a writ of error was sued out by plaintiff in error, who presents various assignments of error.

[1] The first assignment of error complains of the court in not admitting the testimony of Sam Krause, assistant cashier of the

First National Bank of Kaufman, as shown by the following bill of exception, viz.:

"Be it remembered, that on the trial of the above entitled and numbered cause, the plaintiff, A. T. Ellis, to prove the issues on his part, placed the witness, Sam Krause, upon the witness stand and the said witness testified that he is the assistant cashier of the First National Bank of Kaufman, Texas, and as such is in charge of the books of said bank, and that said books were correctly kept and were correct, and that the account of A. T. Ellis, shown by said books for the year 1904 were part of the records kept by him as assistant cashier of said bank, though he personally had not made the entries made in said books, and then plaintiff propounded to said witness through his counsel, the following question: 'Turn to the account of A. T. Ellis and see the state of the account of A. T. Ellis on October 28, 1903, and see if there is a charge there of $500.00 on said date.' To which question and the answer sought to be elicited, the defendant objected for the reason that the books had not been kept by the said Sam Krause, and he had not personally made the said entries, which objections of the defendant were by the court sustained and the said witness not permitted to answer and all of his testimony excluded. To which action of the court the plaintiff then and there objected and excepted because said witness would have testified, if he had been permitted to testify, that the said books showed that on that date A. T. Ellis was charged with $500.00 the amount paid to John Haynes, but the court refused to permit said witness to testify. To which action of the court plaintiff then and there objected and excepted, and here and now objects and excepts, and tenders this his bill of exceptions No. 4 and asks that it be approved by the court. Wynne & Wynne, Attorneys for the plaintiff, A. T. Ellis.

"Sam Krause testified that the books of the bank were correctly kept since he had been in control, but could not state their condition when kept at the time inquired about, as he was not in charge and did not make them. He knew nothing about their correctness. Approved this 30th day of September, 1918. Joel R. Bond, Judge Presiding."

The second assignment of error and proposition submitted are virtually the same as the first, and we submit only appellant's proposition under the first assignment, as follows:

"The keeper of books of accounts of a bank, not a party to the suit, and who has personally examined said books and testified that said books had been correctly kept and are correct, should be permitted to testify whether said books show a certain item charged to one of the parties to the suit on a certain date, notwithstanding the objection by the other party on the ground that the books had not been kept by the witness and the witness had not personally made such entry."

Appellant pleaded that at the time of said conveyance he paid to John Haynes $500 in cash for said land, and so testified. Haynes claimed that he never received any money for said land; that, if it was paid, it was paid to another; that he had arranged for a loan of $500, and if said sum was paid out by plaintiff in error it was paid to another and not to him. The testimony sought, if admitted, would have been a circumstance tending to corroborate plaintiff in error and a denial of defendant in error's testimony as to the payment of $500 in cash to Haynes. The court erred in refusing to admit this testimony. The question of the admission of such testimony is fully discussed in Railway Co. v. Startz, 42 Tex. Civ. App. 85, 94 S. W. 207, and Barclay v. Deyerle, 53 Tex. Civ. App. 236, 116 S. W. 123. In the last case cited a writ of error was denied by the Supreme Court. In the case of Railway Co. v. Startz, Mr. Chief Justice Fisher says:

"The admissibility of this evidence does not rest upon the 'shopbook rule,' which relates only to the books and entries of parties to the controversy, but depends upon those principles of law that admit entries made by third parties who are not connected with the controversy."

And then states the rule thus:

"(1) But written entries by persons deceased may, under some circumstances, be shown in evidence against third persons. Thus, where a person has peculiar means of knowing a fact, and makes a written memorandum thereof against his interest at the time, such entry is evidence of the fact as against third persons after the death of the person making it. (2) Again, entries by third persons made contemporaneously with the principal fact, forming links in the chain of events, and constituting a part of the res gestæ, are admissible; and in such case it is immaterial whether the entries were for or against the interest of the person making them. (3) Another class of entries made by third persons, which may be received in evidence is recognized by some authorities, though by others not distinguished from the preceding, and consist of entries made at the time and in the ordinary course of business by a person whose duty it is to make them."

[2] The third, fourth, and fifth assignments complain of the admission of the testimony of witness Massy and John Haynes as to declarations of said John Haynes to the effect that he (John Haynes) was the owner of said land, which declarations were made when A. T. Ellis was not present, and were self-serving and not admissible. Plaintiff in error submits the following proposition under said assignments:

"The declarations of a grantor while in possession of the land, showing or tending to show that a deed absolute on its face was really intended as a mortgage, are not admissible for any purpose bearing on the question of title where made in the absence of the grantee many years after such conveyance, and the court erred in admitting in evidence, over objections

of plaintiff, statements of the defendant and his witness theretofore made in the absence of plaintiff, showing or tending to show that, many years after the execution and delivery by defendant to plaintiff of a deed executed by defendant and his wife absolute in form and conveying to plaintiff the property in controversy, the defendant was claiming that the conveyance to plaintiff was conditional and that defendant was claiming to own said property."

Said declarations were not admissible as evidence in this action. Wallace v. Perry, 83 Tex. 328, 18 S. W. 595; Ratliff v. Gordon, 149 S. W. 196.

[3, 4] Error is assigned to the action of the court in submitting special issues to the jury without request from either party. The court submitted one issue but gave no general charge, however, instructed the jury in connection therewith to the effect:

"That a deed on its face may be shown by parol or oral evidence to be a mortgage or security for money loaned or advanced for a debt owing," etc.

There was no charge upon the burden of proof as to whom the burden was on, nor was there any charge on statute of limitation. It was not error in the court in submitting special issues to the jury. Article 1984a, Vernon's Sayles' Texas Statutes, treating of the submission of special issues, amendment 1913 Legislature, reads, in part:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and the court may submit said cause upon special issues without request of either party, provided that if the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, and this article shall be construed in connection with article 1985 of chapter 14, title 37, Revised Statutes."

This provision leaves with the court the discretion to submit special issues without request, which discretion is subject to review by the appellate courts.

While in the submission of the one special issue in this court we think the court ought to have charged on the burden of proof and in the question of whether Haynes, after conveying the land, remained in possession of it and attorned to Ellis as his landlord for such time as the statute of limitation would have barred him from a recovery.

The judgment for the reason of the wrongful exclusion and admission of testimony pointed out will be reversed, and cause remanded.